HILLS MERCANTILE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30744. Promulgated February 11, 1931.

*Oscar Hallam, Esq.*, and *D. L. Freidmann, C. P. A.*, for the petitioner.

*John D. Kiley, Esq.*, for the respondent.

**OPINION.**

TRUSSELL: The parties hereto having stipulated that there is no deficiency for the fiscal year ended June 30, 1923, the only issue is whether the petitioner is exempt from taxation for its fiscal year ended June 30, 1920, under the Revenue Act of 1918, which provides:

SEC. 231. That the following organizations shall be exempt from taxation under this title—

 *  *  *  *  *  *  *

(11) Farmers', fruit growers', or like associations, organized and operated as sales agents for the purpose of marketing the products of members and turning back to them the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of produce furnished by them.

Since its organization, the petitioner's business has been that of a farmers' elevator company, and it contends that such business has been conducted upon a cooperative basis, that is, for the benefit of its stockholders and its few nonstockholder patrons. However, the petitioner has not confined its operations to that of " sales agent for the purpose of marketing the products of members " during the year in question, but it has also purchased grain from its patrons and then sold such grain on its own account. No definite showing has been made as to the amount of grain purchased and sold by petitioner during that year, but the stipulated figures as to gross sales and profits clearly indicate that petitioner derived large gross profits from the purchase and sale of grain as compared with the gross profit of 2 cents per bushel charged to the patrons on all grain handled by petitioner. Upon the facts as established, it is our conclusion that the petitioner purchased and sold more grain on its own account than it sold as agent for the purpose of marketing the patrons' grain and turning back to them the proceeds of the sales, less selling expenses, on the basis of the quantity of grain furnished by them.

The petitioner's by-laws provide that any earnings in excess of the amount used for dividends may be added to surplus and used in

the business or may be distributed among the stockholders on the basis of the amount of produce sold by them to the petitioner. No showing has been made as to the distribution, if any, of the petitioner's net profits for the year in question.

We have held, heretofore, that an organization claiming tax exemption under section 231 (11) of the revenue acts must prove that its operations come within the exempting provisions and that if not, for one reason or another, exemption must be denied. See *Farmers' Co-operative Milk Co.*, 9 B. T. A. 696; *Northwestern Drug Co.*, 14 B. T. A. 222; *South Carolina Produce Association*, 19 B. T. A., 1028; *Fruit Growers Supply Co.*, 21 B. T. A. 315. We are of the opinion that during the fiscal year ended June 30, 1920, the petitioner's business was not operated in such a manner as to bring it within the provisions of section 231 (11) of the Revenue Act of 1918, and that it is not entitled to tax exemption for that year.

Pursuant to the stipulation of the parties hereto, there is no deficiency for the fiscal year ended June 30, 1923, and the deficiency for the fiscal year ended June 30, 1920, is in the amount of $1,143.17.

> *Judgment will be entered for the petitioner as to the fiscal year ended June 30, 1923. Judgment will be entered for the respondent in the amount of $1,143.17 for the fiscal year ended June 30, 1920.*